IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
FIRESTONE FINANCIAL, LLC,      )
                               )
     Plaintiff,                )
                               )     CIVIL ACTION NO.
     v.                        )        2:23cv48-MHT
                               )            (WO)
SUMMERTIME AMUSEMENTS,         )
LLC, RONALD MORGAN YATES,      )
and ROWENA MULRANEY YATES,     )
                               )
     Defendants.               )
```

OPINION

Plaintiff Firestone Financial, LLC filed this action for breach of contract, breach of guaranty, replevin, and turnover of collateral against defendants Summertime Amusements, LLC, Ronald Morgan Yates, and Rowena Mulraney Yates. Jurisdiction is proper under 28 U.S.C. § 1332 (diversity). The clerk of court previously entered default against all defendants at the request of Firestone. This cause is now before the court on Firestone's motion for entry of default judgment, which seeks damages for breach of contract in

1

the amount of $ 160,874.10 (plus post-judgment interest), attorneys' fees in the amount of $ 6,329.00, costs in the amount of $ 837.45, and the collateral in which Firestone has an enforceable security interest.

## I. DEFAULT JUDGMENT STANDARD

Default alone does not warrant entry of a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)). "[A] default is not 'an absolute confession by the defendant of his liability and of the plaintiff's right to recover,' but is instead merely 'an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability.'" *Capitol Recs. v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007) (Steele, J.) (citations omitted). However, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of

law." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (emphasis omitted).[1]

A default judgment, including the specific nature and extent of the relief sought, must be adequately supported in the record. *See Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters...."). Besides the pleadings, a court may consider affidavits and declarations. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 111 (6th Cir. 1995) ("Use of affidavits in granting default judgments does not violate ... due process[.]").

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

## II.  FACTUAL BACKGROUND

Based on the well pleaded factual allegations of the complaint and the declarations submitted by Steven Principi, C. Randall Woolley, and E.B. Harrison Willis in support of the motion for default judgment, the court finds the following facts.

On March 3, 2015, Firestone, as lender, and Summertime, as borrower, entered into a Master Security Agreement that gave Firestone a first-priority security interest in Summertime's collateral, including all of its equipment.  The Yateses executed a Master Unlimited Guaranty in which they guaranteed the payment and performance of all liabilities and agreements of Summertime.

Summertime subsequently executed three promissory notes in favor of Firestone, which the Yateses also fully guaranteed.  Contemporaneously with the execution of the promissory notes, Summertime also entered into three commercial security agreements and three

corresponding business loan agreements. Summertime defaulted on these loans.

The unpaid accelerated balance on the first loan is $ 7,933.39. Including fees and prejudgment interest, Summertime owes $ 8,548.96 on the first loan. The unpaid accelerated balance on the second loan is $ 3,684.82. Including fees and prejudgment interest, Summertime owes $ 4,159.97 on the second loan. The unpaid accelerated balance on the third loan is $ 140,566.06. Including fees and prejudgment interest, Summertime owes $ 148,165.17 on the third loan. The total amount owed on the loans is $ 160,874.10.

Firestone filed the complaint in this case against the defendants on January 20, 2023, seeking to recover the full amount due under the loans and to enforce its security interest in Summertime's collateral. Six days later, Firestone served all defendants with a summons and copy of the complaint. *See* Affidavits of Service

(Doc. 6 and Doc. 6-1).  All defendants failed to answer the complaint.

On March 1, 2023, Firestone filed for default judgment.  This court denied the motion, as Firestone had not yet applied for entry of default by the clerk of court pursuant to Federal Rule of Civil Procedure 55(a).  *See* Order (Doc. 10).  Firestone has since applied for an entry of default, which the court of clerk entered against all defendants.  *See* Clerk's Entry of Default (Doc. 12).  Firestone now moves once again for default judgment.  At no point during the proceedings to date has the court heard from the defendants.

## III. DISCUSSION

As an initial matter, the court finds that a hearing is not required on Firestone's motion for default judgment.  While "[t]he court may conduct hearings ... when, to enter or effectuate judgment, it

6

needs to: ... determine the amount of damages," Fed. R. Civ. P. 55(b)(2), "Rule 55 does not require that testimony be presented as a prerequisite to the entry of a default judgment...."  10A Fed. Prac. & Proc. Civ. § 2688 (4th ed. (April 2023)).  As the outstanding balance Firestone now seeks is clearly supported in the record and does not require expert evidence or complex calculations, there is no need for a hearing here.

Rule 55(b)(2) also states that a "party or its representative must be served with written notice of the application at least 7 days before the hearing." Firestone's motion for default judgment and the clerk's entry of default were mailed to defendants at their last known address over four months ago.  *See* Fed. R. Civ. P. 5(b)(2)(C) (permitting service by "mailing it to the person's last known address--in which event service is complete upon mailing").  Defendants have received sufficient notice under Rule 55(b)(2).

Firestone has shown its entitlement to breach-of-contract damages in the amount of $ 160,874.10 (plus post-judgment interest), attorneys' fees in the amount of $ 6,329.00, costs in the amount of $ 837.45, and the turnover of the collateral used to secure the loans.  The breach-of-contract damages include late fees, nonsufficient funds fees, and prejudgment interest as required by the contracts.  In addition, the contracts provide for the recovery of attorneys' fees and costs, and the declarations submitted by Firestone's two attorneys corroborate the amounts Firestone now seeks.  After review of counsels' declarations, and, in the absence of any objection from defendants, the court concludes that the hourly rates requested and time expended are reasonable and necessary to litigate this matter.

As to the turnover of collateral, Alabama law (Ala. Code § 7-9A-609 (1975)) and Massachusetts law (Mass. Gen. Laws ch. 106, § 9-609) each provide that, after

8

default, a secured party may take possession of the collateral and proceed pursuant to judicial process.[2] Due to Summertime's default under the loans, Firestone may require Summertime to assemble the collateral and make it available to Firestone at any place Firestone reasonably designates. *See* Ala. Code § 7-9A-609(c) (1975); Mass. Gen. Laws ch. 106, § 9-609(c).

An appropriate judgment will be entered.

DONE, this the 3rd day of October, 2023.

                                   /s/ Myron H. Thompson
                            **UNITED STATES DISTRICT JUDGE**

---

2. The loans, the Master Security Agreement, and the Master Unlimited Guarantee include 17 choice-of-law clauses. Depending on the provision, the loan documents call for the application of either Alabama or Massachusetts law. The court concludes that Firestone is entitled to a default judgment regardless of which State's laws govern the turnover of collateral.